```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

MIRA BAKER,

        Plaintiff,

v.                                Case No:  2:23-cv-659-JES-KCD

CENTURION OF FLORIDA L.L.C.
and COLLIER COUNTY JAIL,

        Defendants.
```

## ORDER

This matter comes before the Court on Mira Baker's Amended Complaint for Violation of Civil Rights (Doc. #16). The Court dismissed Baker's original complaint for failure to prosecute. After Baker explained his failure to timely pay the filing fee, the Court reopened the case but dismissed the claims against all defendants except Dr. Emanuel Noel. Baker's Amended Complaint drops Noel as a defendant and instead asserts Eighth Amendment claims against Centurion of Florida and Collier County Jail. The Court reviews Baker's Amended Complaint to determine if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Baker is a prisoner of the Florida Department of Corrections ("FDOC"). Before that, he was detained at Collier County Jail. Centurion provided medical treatment to inmates of the jail.

Baker suffers from hypertension, and he alleges Centurion prescribed a medication "that had been removed from the shelf by the FDA ten years prior." (Doc. #16 at 14). Baker complained of sores and discoloration on his body, and he was treated with ointment and Ibuprofen.

When Baker's arms and legs began to swell, the defendants set up appointments with several outside specialists, who determined Baker was experiencing side effects from the hypertension medication. The defendants did not change Baker's medication. Baker continued experiencing side effects after being transferred to FDOC custody, and he began to feel a large mass in his chest. Like Baker's previous medical providers, Dr. Noel at DeSoto Correctional Institution treated Baker with Ibuprofen and ointment.

Baker sues Centurion and Collier County Jail under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1059 (11th Cir. 2001). Because Baker sues

municipalities,[1] he must also show that the constitutional harm is the result of a custom or policy. Monell v. Dep't of Soc. Sec. Servs. of the Cty. of New York, 436 U.S. 658 (1978).

Baker accuses the defendants of violating his Eighth Amendment rights by prescribing a medication with known side effects. But Baker's claims fail on multiple levels. To start, it is not plausible that the defendants prescribed the hypertension medication. Presumably, a medical professional working for Centurion prescribed the drug. But a municipality is not liable under § 1983 merely because it employed a tortfeasor. See id. Baker fails to establish municipal liability under Monell because he does not identify a custom or practice of either defendant that caused his injury.

Even if Baker sued the medical professional who prescribed the drug at issue, his allegations do not support an Eighth Amendment claim. In Estelle v. Gamble, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. Id. at 105. Negligence

---

[1] Private entities who provide medical services to inmates—like Centurion—are equivalent to municipalities under § 1983. Craig v. Floyd Cnty., 643 F.3d 1306, 1310 (11th Cir. 2011).

in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. Id. at 106. "As long as the medical treatment provided is 'minimally adequate,' a prisoner's preference for a different treatment does not give rise to a constitutional claim." Chatham v. Adcock, 334 F. App'x 281, 287 (11th Cir. 2009).

Baker's allegations make it clear he received medical treatment for each medical condition identified in the Amended Complaint. While Baker found the treatment "inappropriate or inadequate, a doctor's choice in treatment and testing is a matter of medical judgment and does not state an Eighth Amendment deliberate indifference claim." Clas v. Torres, 549 F. App'x 922, 924 (11th Cir. 2013). To pursue a claim on that basis, Baker can file a medical negligence or malpractice claim in Florida state court, but he should be aware of the pre-suit requirements. See Fla. Stat. § 766.203.

Baker has not stated a claim upon which relief may be granted. Based on the allegations in the Amended Complaint, it does not appear Baker can state a federal claim, but the Court will give him one final opportunity to amend.

Accordingly, it is hereby

**ORDERED:**

Mira Baker's Amended Complaint for Violation of Civil Rights (Doc. #16) is **DISMISSED without prejudice** for failure to state a

claim. Baker may file a second amended complaint within **21 days** of this Opinion and Order. **Otherwise, the Court will enter judgment and close this case without further notice.**

    **DONE and ORDERED** at Fort Myers, Florida, this \_\_3rd\_\_\_ day of January, 2025.

    _____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Pro se plaintiff