```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

MIRA BAKER,

     Plaintiff,

v.                              Case No: 2:23-cv-659-JES-KCD

EMANUEL NOEL, JOHN/JANE DOE #1, JOHN/JANE DOE #2, RICKY DIXON, CENTURION OF FLORIDA L.L.C., and COLLIER COUNTY SHERIFF,

     Defendants.

---

**ORDER**

This matter comes before the Court on Mira Baker's Second Amended Complaint (Doc. #20). The Court reviews the complaint to determine if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The Court dismissed Baker's first amended complaint for failure to state a claim. The Second Amended Complaint adds new defendants and factual allegations, but it ultimately suffers from the same defects as the first amended complaint. Dismissal is appropriate.

Baker is a prisoner of the Florida Department of Corrections ("FDOC"). Before that, he was detained at Collier County Jail. Centurion provided medical treatment to inmates of the jail. On an unspecified date in 2015, a doctor and a nurse—each identified

as "John/Jane Doe"—prescribed Baker a medication for hypertension that "that had been removed from the shelf by the Federal Drug Administration (FDA) ten years prior." (Doc. #20 at 6). Baker complained of sores and discoloration on his body, and the defendants[1] treated him with ointment and Ibuprofen.

When Baker's arms and legs began to swell, the defendants set up appointments with several outside specialists, who determined Baker was experiencing side effects from the hypertension medication. The defendants did not change Baker's medication. Baker continued experiencing side effects after being transferred to FDOC custody, and he began to feel a large mass in his chest. Like Baker's previous medical providers, Dr. Noel at DeSoto Correctional Institution treated Baker with Ibuprofen and ointment. Baker underwent an x-ray of his chest, and the x-ray technician said the mass was visible. Baker has not had a follow-up appointment to discuss the results of the x-ray.

Baker seeks a declaratory judgment, $3 million in compensatory damages and $3 million in punitive damages against each defendant.

Baker sues the defendants under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant

---

[1] The Second Amended Complaint makes several allegations about the actions of "Defendants." It is not clear who these unspecified defendants are, so the Court has summarized the allegations as pled.

deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1059 (11th Cir. 2001). Baker fails to state a § 1983 claim against any defendant.

    A. John/Jane Does #1 and #2 and Emanuel Noel

Baker cannot proceed against the two defendants identified as "John/Jane Doe." Fictitious-party pleading is generally not permitted in federal court. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Baker's description of the "John/Jane Doe" defendants as a doctor and a nurse who treated him on an unspecified day in 2015 is insufficient to identify and serve them.

Even if Baker could identify the Doe defendants, he has not stated an Eighth Amendment claim against them or Noel. In Estelle v. Gamble, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the

'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. Id. at 105. Negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. Id. at 106. "As long as the medical treatment provided is 'minimally adequate,' a prisoner's preference for a different treatment does not give rise to a constitutional claim." Chatham v. Adcock, 334 F. App'x 281, 287 (11th Cir. 2009).

Baker's allegations make it clear he received medical treatment for each condition identified in the Second Amended Complaint. While Baker found the treatment "inappropriate or inadequate, a doctor's choice in treatment and testing is a matter of medical judgment and does not state an Eighth Amendment deliberate indifference claim." Clas v. Torres, 549 F. App'x 922, 924 (11th Cir. 2013). To pursue a claim on that basis, Baker can file a medical negligence or malpractice claim in Florida state court, but he should be aware of the pre-suit requirements. See Fla. Stat. § 766.203.

B. Centurion

Private entities who provide medical services to inmates—like Centurion—are equivalent to municipalities under § 1983. Craig v. Floyd Cnty., 643 F.3d 1306, 1310 (11th Cir. 2011). And to

state a civil rights claim against a municipality, Baker must show that the constitutional harm is the result of a custom or policy. Monell v. Dep't of Soc. Sec. Servs. of the Cty. of New York, 436 U.S. 658 (1978). A Monell claim is derivative of an underlying constitutional violation. City of L.A. v. Heller, 475 U.S. 796, 799 (1986). So, Baker's failure to state an underlying Eighth Amendment claim is fatal to his Monell claim.

Even if Baker did state an underlying claim, he fails to satisfy Monell. A municipality is not liable under § 1983 merely because it employed a tortfeasor. Baker's conclusory claim that Centurion has a policy of denying or delaying medical care to inmates to save money is not sufficient. Baker does not accuse Centurion employees of denying or delaying medical care while he was detained at Collier County Jail. Rather, he alleges they prescribed an unsafe medication. Baker does not allege a custom or policy of Centurion that could plausibly have led to that prescription.

    C. Ricky Dixon and the Collier County Sheriff

Baker does not allege FDOC Secretary Ricky Dixon or the Collier County Sheriff personally participated in any constitutional violation, so his claims against them must be based on supervisory liability. It is well settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the acts of their subordinates. Keith v. DeKalb Cnty., Ga., 749

F.3d 1034, 1047 (11th Cir. 2014). Like <u>Monell</u> claims, claims based on supervisory liability are derivative. <u>Knight ex rel. Kerr v. Miami-Dade Cnty.</u>, 856 F.3d 795, 821 11th Cir. 2017). Baker has not stated a claim against Dixon or the Collier County Sheriff.

After three attempts, Baker has failed to state a claim against any defendant, and further amendment appears futile.

Accordingly, it is hereby

**ORDERED**:

Mira Baker's Second Amended Complaint (Doc. #20) is **DISMISSED without prejudice** for failure to state a claim. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of February 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Pro se plaintiff